UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 13 |
| **Kevin Brasier,** | ) | |
| | ) | Case No.: 18-40084 |
| Debtor, | ) | |
| | ) | Adversary No.: |
| **Kevin Brasier,** | ) | |
| | ) | DEBTOR'S COMPLAINT TO |
| Plaintiff, | ) | DETERMINE THE EXTENT AND |
| v. | ) | VALIDITY OF LIENS, CLAIMS, AND |
| | ) | ENCUMBRANCES AGAINST |
| **Venture Works, LLC ,** | ) | PROPERTY OF THE DEBTOR'S |
| | ) | BANKRUPTCY ESTATE |
| **Stelis, LLC,** | ) | |
| | ) | |
| **Dreambuilder Investments, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEBTOR'S COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS, AND ENCUMBRANCES AGAINST PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE

COMES NOW Kevin Brasier, Debtor/Plaintiff, herein and for his Complaint against Venture Works, LLC ("Venture Works"), Stelis, LLC ("Stelis"), and Dreambuilder Investments, LLC ("Dreambuilder"), Defendants, and for his prayer for entry of judgment determining nature, extent and validity of any claim held by Defendants herein against property of Debtor's Bankruptcy Estate and states as follow:

### JURISDICTION

1. This Court has subject matter Jurisdiction over the preceding herein pursuant to 28 U.S.C. §1334.

## VENUE

2. Debtor, Kevin Brasier, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on or about January 8, 2018, and said case is still pending as off the date of the filing of this complaint, as such, venue of this proceeding lies in the Bankruptcy Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1409(a).

## CORE PROCEEDING

3. This is a Core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

## PARTIES

4. Stelis is not an entity registered with the Missouri Secretary of State to do business in the State of Missouri. Stelis' principal place of business is 2001 Western Ave., Ste. 400, Seattle, WA 98121-3132 and its registered agent is Weinstein & Riley, P.S. at 2001 Western Ave., Ste. 400, Seattle, WA 98121-3132.

5. Dreambuilder is not an entity registered with the Missouri Secretary of State to do business in the State of Missouri. The CEO of Dreambuilder is Peter Andrews with a principal place of business at 30 Wall St., 6th Floor, NY, NY 10005.

6. Venture Works is not an entity registered with the Missouri Secretary of State to do business in the State of Missouri. The president of Venture Works is Nicholas Hawryluk with a principal place of business of 43 Boyden Pkwy, Maplewood, NJ 07040 and a notice address of 49 Midland Blvd., Maplewood, NJ 07040.

## COMPLAINT

7. On or about January 8, 2018, Debtor filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code and Diana S. Daugherty is the duly appointed the Trustee.

8. Debtor scheduled a fee simple interest in property located at 323 Weiss, St. Louis, MO 63125 ("Weiss") and legally described as follows:

THE WESTERN 35 FEET OF LOT 23 IN BLOCK 3 OF MCDERMOTT'S SUBDIVISION OF HOFFMEISTER HEIGHTS, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 4. PAGE 97 OF THE ST. LOUIS COUNTY, MISSOURI, RECORDS.

9. The Debtor scheduled said real property as having a value of no more than $30,000.00.

10. Debtor had an appraisal of the property completed by Brad Locke and Associates, LLC, on or about January 9, 2018. The appraisal of Weiss indicated it has a value of $28,000.00. (Exhibit 1).

11. That on or about August 13, 2003, Debtor entered into a note and deed of trust with DAS Acquisition CO, LLC constituting a first lien against Weiss at the time of the execution in the amount of $52,000.00. The deed of trust was recorded in the Recorder of Deeds Office in and for the County of St. Louis, State of Missouri on August 20, 2003 in Book 15211 Page 1027 ("First Lien"). (See Bk Case 18-40084, Claim 3)

12. JP Morgan Chase Bank, National Association ("Chase"), is the current holder of the First Lien. (See Bk Case 18-40084, Claim 3).

13. On March 9, 2018, Chase filed Claim 3 in the amount of $38,829.68, secured by a First Lien on Weiss.

14. On or about January 17, 2004, Debtor entered into a note and deed of trust with Wells Fargo Financial Missouri, Inc. ("Wells Fargo"), constituting a second lien against Weiss at the time of the execution in the amount of $29,307.28. The deed of trust was recorded in the Recorder of Deeds Office in and for the County of St. Louis, State of Missouri on February 24, 2006 in Book 17073 Page 2947 ("Second Lien"). (See Bk Case 18-40084, Claim 3).

15. Wells Fargo assigned its rights under the Second Lien to JP Morgan Chase Bank, as Indenture Trustee ("JP Morgan"). (See Bk Case 18-40084, Claim 1, pg 9).

16. JP Morgan assigned its rights under the Second Lien to Residential Funding Company, LLC fka Residential Funding Corporation ("Residential"). (See Bk Case 18-40084, Claim 1, pg 10).

17. Residential assigned its rights under the Second Lien to Stelis. (See Bk Case 18-40084, Claim 1, pg 11).

18. It is alleged by virtue of an Affidavit of Lost Allonge executed by National Note Equities, LLC ("National"), that Stelis assigned its rights under the Second Lien to Dreambuilder Investments, LLC("Dreambuilder"), but that allonge was not lost by National.  (See Bk Case 18-40084, Claim 1, pg 12).

19. Missouri recognizes the use of a Lost Note Affidavit, as evidence of the existence a note and its terms, and presumably by extension an Affidavit of Lost Allonge, when the note is lost or destroyed by the maker of the affidavit.

20. The Affidavit of Lost Allonge is not made by the entity that lost the allonge and is therefore legally insufficient as evidence of the existence of the allonge.

21. Additionally, there is no allonge or other evidence that indicates that National was assigned any beneficial rights or interest under the Second Lien either from Stelis or Dreambuilder; however, National assigned its rights under the Second Lien to Venture Works. (See Bk Case 18-40084, Claim 1, pg 13).

22. At this time there is insufficient documentation for Debtor to be able to determine whether Dreambuilder, Stelis or Venture Works LLC is the rightful owner of the note evidenced by the Second Lien.

23. Regardless of which Defendant owns the right title an interest in the Second Lien, the lien is not secured by one dollar of equity in the real property.

24. Pursuant to 11 USC §506(a): "An allowed claim of a creditor secured by a lien on real property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such claim."

25. The rights of a lien holder of a claim secured by a lien on Debtor's residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed senior liens there on according to 11 USC §506(a) and 11 USC §1322(b)(2).

26. The rights of a junior lien holder are subject to modification, including treatment of their respective claims as general unsecured claims and the lien is subject to release upon grant of a Chapter 13 Discharge to the Debtor.

27. Weiss, according to the appraisal, has a value of no more than $28,000.00 and is encumbered by a First Lien in the amount of $38,829.68. Consequently, the Second Lien is not secured by value in excess of the first and superior mortgage lien. Therefore, the Second Lien is not secured within the meaning of 11 USC §506 and is subject to modification.

WHEREFORE, Debtor prays that this court enter an Order and Judgment determining that the Second Lien, notwithstanding which Defendant has all right title in interest in the Second Lien, evidenced by a Deed of Trust recorded in the Recorder of Deeds Office in and for the County of St. Louis, State of Missouri on February 24, 2006 in Book 17073 Page 2947 is to be treated as a general unsecured claim and that the Deed of Trust is to be released upon granting of a Discharge to the Debtor pursuant to 11 USC §1328 without any further order of the court and for such other and further relief as this court deems just and proper under the circumstances.

/s/  Angela Redden-Jansen
Angela Redden-Jansen, #42684
Attorney for the Debtor
3350 Greenwood Blvd.
Maplewood, MO 63143
(314) 645-5900
(314) 645-5990 (fax)
amredden@swbell.net